IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN NORWICZ | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:08CV602-HSO-JMR |
| | § | |
| MARKEL INTERNATIONAL | § | |
| INSURANCE COMPANY, LTD. | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DECLARATORY JUDGMENT AND RELATED RELIEF

BEFORE THE COURT is the Motion for Partial Summary Judgment and Declaratory Judgment and Related Relief [16] filed by Defendant Markel International Insurance Company, Ltd. ["Markel"]. Plaintiff has filed a Response [18], and Defendant a Reply [19]. After careful consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Motion should be denied.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff purchased an insurance policy from Defendant that was in effect on August 29, 2005. *See* Compl., at p. 2. Plaintiff was the named insured on the policy. *See id.* The policy contained an appraisal provision in "SECTION I - CONDITIONS" for determining the amount of loss under the policy, if the amount was disputed. *See* Policy, at p. 9, attached as Ex. "A" to Compl. On or about August 29, 2005, Hurricane Katrina damaged Plaintiff's insured property. *See* Compl., at p. 2. Plaintiff filed a claim for benefits under the policy, which he alleges Defendant

then denied.  *See id.* at p. 3.  Defendant counters that it paid Plaintiff $8,500.00, which it found to be the damage to Plaintiff's property attributable to wind, but that he rejected the offer.  *See* Def.'s Br. in Supp. of its Mot., at p. 1.

Plaintiff demanded an appraisal on June 26, 2008, pursuant to the terms of his policy.  *See* Def.'s Br. in Supp. of its Mot., at p. 2; *see also* Letter from Katherine B. Riley dated Feb. 11, 2009, attached as Ex. "2" to Def.'s Mot.  Counsel for the parties "thereafter discussed whether to use appraisal or mediation in an attempt to settle this controversy, but ultimately decided to utilize the appraisal process." Def.'s Br. in Supp. of its Mot., at p. 2.  Defendant selected an appraiser and notified Plaintiff's counsel by e-mail dated August 18, 2008.  *See id.*; E-mail from Henry Laird dated Aug. 18, 2008, attached as Ex. "3" to Def.'s Mot.[1]

Plaintiff initiated this action by filing his Complaint in the Circuit Court of Harrison County, Mississippi, First Judicial District, on August 26, 2008.  *See* Compl., at p. 1; *see also* E-mail from Katherine Barrett Riley dated Aug. 18, 2008, attached as Ex. "F" to Pl.'s Resp. (stating that "[b]ecause the appraisal process has taken so long we are going to have to file suit to protect the claim...").  Defendant

---

[1] Though the parties agree that Plaintiff made a demand for appraisal on June 26, 2008, a copy of this demand is not contained in the record.  There is an e-mail from Plaintiff's counsel to Defense counsel, dated July 30, 2008, which states that Plaintiff has "decided that [it] will use [Defendant's] engineer reports and appraise" this case.  *See* E-mail from Katherine Barrett Riley dated July 30, 2008, attached as Ex. "A" to Pl.'s Resp.  Nor is Plaintiff's selection of an appraiser contained in the record.   However, in an e-mail dated August 18, 2008, Plaintiff's counsel states that she is "cc'ing [their] appraiser Scott Favre" on the e-mail.  *See* E-mail from Katherine Barrett Riley dated Aug. 18, 2008, attached as Ex. "B" to Pl.'s Resp.

removed the case to this Court on or about September 12, 2008.  *See* Notice of Removal.

## II. DISCUSSION

Defendant seeks partial summary judgment and a declaration regarding the appraisal provision at issue in this case.  Defendant asks the Court to declare that Plaintiff has waived his right to appraisal.  *See* Def.'s Br. in Supp. of its Mot., at p. pp. 3-4, 8.  Alternatively, if Plaintiff is allowed to proceed with the appraisal process, Defendant asks for a declaration that the appraiser is not permitted to address issues of causation.  *See* Def.'s Br. in Supp. of its Mot., at pp. 4-8.  Plaintiff counters that he has not waived his right to appraisal.  *See* Pl.'s Resp., at p. 1.  He agrees that the appraisal would not be used to determine causation, but only to determine the value of the loss at issue.  *See id.* at p. 7.

### A. Partial Summary Judgment

Defendant seeks partial summary judgment as to the appraisal provision.  In his Response, Plaintiff states that Defendant's failure to abide by the terms of the policy and acquiesce to Plaintiff's good faith demand for appraisal constituted a breach of contract.  Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988), the Court will construe this portion of Defendant's Motion as one for partial summary judgment on Plaintiff's breach of contract claim, to the extent that

Plaintiff alleges that Defendant breached the contract by failing to participate in the appraisal process.

1.  Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).

2.  Discussion

Because Plaintiff has agreed that any appraisal process would only involve determination of the amount of loss, and not causation, the crux of Defendant's Motion is whether Plaintiff has waived his right to appraisal. The policy provision in question reads as follows:

> **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to

agree, they will submit their differences to the umpire. The decision agreed to be any two will set the amount of loss.

Each party will:
a. Pay its own appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.

Policy at p. 16, attached as Ex. "A" to Compl.

Defendant filed this Motion after it was informed that Plaintiff might file an action in state court to compel appraisal. *See* Def.'s Br. in Supp. of its Mot., at p. 2. Defendant argues that Plaintiff has abandoned any right to require an appraisal of Hurricane Katrina damage by commencing this litigation. *See id.* Plaintiff counters that he demanded appraisal prior to the filing of this lawsuit, and that Defendant agreed to engage in the appraisal process before he filed his Complaint. *See* Pl.'s Resp., at p. 1.

"To determine whether there are any genuine issues of material fact, the court must first consult the applicable substantive law to ascertain what factual issues are material." *Kinsey v. Farmland Industries, Inc.*, 39 F.3d 603, 606 (5th Cir. 1994). To establish a breach of contract in Mississippi, Plaintiff must prove by a preponderance of the evidence: (1) the existence of a valid and binding contract; (2) that Defendant has broken, or breached, it; and (3) that Plaintiff has been thereby damaged monetarily. *See Warwick v Matheney*, 603 So. 2d 330, 336 (Miss. 2006).

> The moving party bears the burden of coming forward with proof of the absence of any genuine issues of material fact through the identification of those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits which it believes demonstrates the absence of any genuine issue of material fact.

*Kinsey*, 39 F.3d at 606.

The Court is persuaded that Defendant has not carried its burden of demonstrating that there are no remaining genuine issues of material fact or that it is entitled to judgment as a matter of law on Plaintiff's breach of contract claim. Partial summary judgment on this issue would be inappropriate. *See* FED. R. CIV. P. 56.

B.    Declaratory Judgment

Defendant seeks a declaration that Plaintiff has waived any right to require an appraisal of Hurricane Katrina damage by commencing this litigation. 28 U.S.C. § 2201, which addresses declaratory judgments, provides in relevant part that

> [i]n a case of actual controversy within its jurisdiction..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

After a careful review of the record, the Court is of the opinion that Defendant has not shown that Plaintiff has waived his right to compel appraisal in this case. The cases relied upon by Defendant are distinguishable.

In *Rogers v. State Farm Fire and Cas. Co.*, 984 So. 2d 382 (Ala. 2007), State Farm sent the plaintiffs a letter directing their attention to the appraisal provision in their insurance policy over 7 months before litigation was filed. However, State Farm waited until over 14 months after litigation had commenced, and almost 2

years after the property damage had occurred, to demand invocation of the appraisal clause. *See id.* at 386. The plaintiffs argued that State Farm had waived the right to invoke appraisal. *See id.* To determine whether there was a waiver of the appraisal clause, the Alabama Supreme Court applied that court's standard for determining whether there has been a waiver of an arbitration clause–whether a party has substantially invoked the litigation process and thereby substantially prejudiced the opposing party. *See id.*[2] The court stated that it could not conclude that the plaintiffs had "carried their heavy burden of showing substantial prejudice from State Farm's delayed invocation of the appraisal clause," and thus determined that "State Farm did not waive its right to invoke the appraisal clause." *Id.* at 388.

*Rogers* is clearly distinguishable from this case. Plaintiff notified Defendant of his decision to invoke the appraisal provision before he filed suit, and Defendant agreed to appraisal. *See* Def.'s Br. in Supp. of its Mot., at p. 2; E-mail from Henry Laird dated Aug. 18, 2008, attached as Ex. "3" to Def.'s Mot. Moreover, even though State Farm in *Rogers* waited until over 14 months after litigation had commenced to demand appraisal, the court there nevertheless determined that the plaintiffs had not met their heavy burden of showing substantial prejudice. *See Rogers*, 984 So. 2d at 388. Defendant here has not sufficiently demonstrated it has or will suffer prejudice sufficient to warrant a finding of waiver.

---

[2] The Court notes that the Fifth Circuit applies a similar standard in determining whether a party has waived its right to compel arbitration. *See Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, - - - F.3d - - - -, 2009 WL 1959281, *3 (July 9, 2009) (stating that "[t]he court finds waiver 'when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.'") (quoting *Walker v. J.C. Bradford & Co.,* 938 F.2d 575, 576 (5th Cir. 1991)).

In a footnote its in Brief, Defendant also cites an unpublished case from the Fifth Circuit, *Boler-Phillips Body Shop, Inc. v. Employers Mut. Cas. Co.*, 251 Fed. App'x 912, 2007 WL 3144030 (5th Cir. 2007), for the proposition that an insured's failure to comply with the appraisal clause before filing suit warrants dismissal of the insured's claims. However, in *Boler-Phillips*, the Court determined that the insured's compliance with the appraisal clause was a condition precedent to bringing suit against the insurer. *See id.* at 915. Neither party has argued that the appraisal clause in this case was a condition precedent to filing suit. Rather, the parties dispute whether institution of the present action waived Plaintiff's right to pursue appraisal. Based on the foregoing, the Court is of the opinion that Defendant's Motion seeking a declaratory judgment should be denied.[3]

The Court notes that, even though Plaintiff's Response indicates that he wishes to compel an appraisal and stay this case pending its outcome, Plaintiff has not filed any formal motion requesting such relief from the Court, as required by

---

[3] Though the parties have not briefed the issue, it is unclear whether "declaratory judgment" would be appropriate under the circumstances in this case, even if Defendant had met its burden of proving waiver. Neither Plaintiff nor Defendant requested declaratory relief in their Complaint or Answer, and therefore, have not filed a declaratory judgment action, pursuant to 28 U.S.C. § 2201. *See AAF-McQuay, Inc. v. Northbrook Property and Cas. Ins. Co.*, No. 5:96CV158, 1998 WL 1978714, *1 (E.D. Tex. Aug. 31, 2008) (noting that defendant insurer U.S. Fire argued that declaratory judgment sought by other defendant insurer Northbrook was inappropriate because Northbrook had no pleading on file, other than its summary judgment motion, requesting declaratory relief, but determining that the court need not decide whether Northbrook's summary judgment motion sufficed as an appropriate pleading under 28 U.S.C. § 2201, because the plaintiff's complaint contained a request for declaratory judgment); *see also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2768 (stating that "[a] plaintiff may ask for a declaration either as the sole relief or in addition to or auxiliary to other relief, and a defendant may similarly counterclaim therefor. . . . Declaratory relief may be sought by counterclaim or cross-claim."). There is no claim or counterclaim presented in this case to which the Court could direct entry of "judgment," as neither party has requested declaratory relief in their pleadings, other than in the present Motion.

Uniform Local Rule 7.2. The issue of whether Defendant should be compelled to engage in appraisal pursuant to the terms of the policy is therefore not presently before the Court.

### III. CONCLUSION

For the reasons stated more fully herein, the Court is of the opinion that Defendant's Motion should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion for Partial Summary Judgment and Declaratory Judgment and Related Relief [16] filed by Defendant Markel International Insurance Company, Ltd. should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 13th day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE